Anthony Raimondo, # 200387
Kristen Lieb, # 253098
Christina M. Cusimano, # 258627
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA 93720-1501
Telephone:  (559) 433-1300
Facsimile:  (559) 433-2300

(SPACE BELOW FOR FILING STAMP ONLY)

Attorneys for Plaintiff
EDNA HESS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDNA HESS, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>MADERA HONDA SUZUKI, a California Corporation, HARRY D. WILSON, INC., a California Corporation, ROBERT D. WILSON, an individual, and DOES 1 through 10 inclusive,<br><br>  Defendant. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR LABOR STANDARDS ACT, CALIFORNIA LABOR CODE, WRONGFUL TERMINATION AND UNFAIR BUSINESS PRACTICES** |

Plaintiff EDNA HESS (hereafter "Plaintiff") alleges as follows:

## GENERAL ALLEGATIONS:

1. Plaintiff is informed and believes that Defendant MADERA HONDA SUZUKI is and at all times mentioned herein was, an enterprise engaged in commerce, a corporation organized and existing under the laws of the State of California and is doing business in the City of Madera, County of Madera, State of California.

2. Plaintiff is informed and believes that Defendant HARRY D. WILSON, INC. is and at all times mentioned herein was, an enterprise engaged in commerce, a corporation organized and existing under the laws of the State of California and is doing business in the City of Madera, County of Madera, State of California.

3.     Plaintiff is informed and believes that Defendant ROBERT D. WILSON is an individual who resides in Fresno, California and at all times relevant herein was the President and part owner of MADERA HONDA SUZUKI, an enterprise engaged in commerce, which is located in Madera, California.

4.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff who therefore, sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to show the true names and capacities when the same has been ascertained.

5.     Plaintiff is informed and believes and upon such information and belief alleges that each of the Defendants designated herein as "Doe" is legally responsible in some manner for the events and happenings referred to and proximately caused the damages to Plaintiffs as herein alleged.

6.     At all times relevant herein, Defendants MADERA HONDA SUZUKI, HARRY D. WILSON, INC. and DOES 1 through 10 inclusive, were and are employers within the definition of California Labor Code Section 18, California Business and Professions Code Section 17201 and the Fair Labor Standards Act, 29 U.S.C. §203(d).

7.     Each of the Defendants, including DOES 1 through 10, were the agents, employees, supervisors, employers and joint venturers of the other Defendants and were acting both individually and in the course and scope of such relationship at the time of the acts and omissions alleged herein, with the knowledge and/or consent of the remaining Defendants.

8.     Plaintiff was hired as a office manager by Defendants MADERA HONDA SUZUKI and HARRY D. WILSON, INC. on or about September 1, 2006. Defendant ROBERT D. WILSON made the decision to hire Plaintiff. As an office manager, Plaintiff performed a variety of routine and clerical tasks including making deposits, creating payroll sheets, answering phones, cashiering, cleaning restrooms, making employee schedules, distributing the mail and entering inventory.

9.     Initially, Plaintiff was mischaracterized as an exempt employee and paid a salary of $2,000 bi-monthly. Plaintiff was actually a non-exempt employee, performing only routine

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

2
COMPLAINT

and clerical duties. Beginning the pay period of April 26, 2007-May 9, 2007 and continuing thereafter up until the time of Plaintiff's discharge, Defendant ROBERT D. WILSON authorized, and Plaintiff received, a raise and her salary was increased to $2,769.23 bi-monthly.  At all times relevant herein, Plaintiff was a non-exempt employee.

10. Plaintiff was provided regular pay checks every two weeks from the date of her hire in September 2006 until January 2008.  Beginning January 2008 and continuing intermittently up to Plaintiff's termination in February of 2010, Defendants, and each of them, failed and refused to pay Plaintiff wages due and owing to her.  Defendants willfully failed to pay Plaintiff a total of 40 weeks worth of wages between January 18, 2008 and January 29, 2010.

11. On multiple occasions, Plaintiff confronted Defendant ROBERT D. WILSON about the Defendants' failure to pay Plaintiff her wages and demanded payment of wages earned. Defendant ROBERT D. WILSON was involved in, and had control over, the amount of compensation Plaintiff received.  When confronted by Plaintiff, ROBERT D. WILSON responded that the company was having financial difficulties and assured Plaintiff that she would be compensated when the company's financial condition improved.  Defendant ROBERT D. WILSON willfully and intentionally disregarded these assurances and elected not to pay Plaintiff the wages she had earned.

12. On or about January 29, 2010, Defendants', by and through ROBERT D. WILSON, terminated Plaintiff's employment without good cause.

13. On or about February 24, 2010, Plaintiff made a written demand to Defendants requesting payment of all wages due and owing for those 40 pay periods Defendants unlawfully withheld Plaintiff's wages.  To date, Defendants have willfully refused to pay Plaintiff those wages due and owing to her.

14. On or about March 30, 2010, Plaintiff made a demand pursuant to Labor Code Section 226(b) requesting accurate itemized statements in writing showing: (1) her gross wages earned; (2) total hours worked by Plaintiff; (3) all deductions provided; (4) net wages earned; (5) inclusive dates of the period for which Plaintiff was paid; (6) the names and address of the legal entity that is the employer; and (7) all applicable hourly rates in effect during each pay period and

the corresponding number of hours worked at each hourly rate by Plaintiff. Plaintiff further requested any and all documents and instruments signed by her, relating to her employment under Labor Code Section 432. To date, Defendants have failed to comply with Plaintiff's requests.

### First Cause of Action

### Violation of California Labor Code §§201

### (Against Corporate Defendants and Does 1-10)

15. Plaintiff realleges and incorporates by reference all previous paragraphs of this Complaint as though fully set forth herein.

16. Labor Code §201 provides that any discharged employee is entitled to all wages due at the time of discharge.

17. By failing to pay Plaintiff 40 weeks of wages due and owing at the time of her employment termination, Defendants violated Labor Code §201. Plaintiff hereby seeks recovery of all unpaid wages.

18. Plaintiff requests further relief as hereinafter provided.

### Second Cause of Action

### Violation of Fair Labor Standards Act, 29 USC §206

### (Against ALL Defendants and Does 1-10)

19. Plaintiff realleges and incorporates by reference all previous paragraphs of this Complaint as though fully set forth herein.

20. 29 U.S.C. §206 makes it unlawful for any employer to pay an employee who in any work week is engaged in commerce, in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of good for commerce, a wage rate less than $7.25 an hour.

21. Corporate Defendants, by failing to pay Plaintiff any wages whatsoever for 40 weeks of wages violated 29 U.S.C. §206.

22. Defendant WILSON, is an employer within the definition of 29 U.S.C. §203, willfully failed to pay Plaintiff 40 weeks of wages, and therefore violated 29 U.S.C. §206.

23. Plaintiff hereby seeks recovery of all unpaid wages as well as, liquidated damages

as provided for in 29 U.S.C. §216.

## Third Cause of Action

### Violation of California Labor Code §226

**(Against Corporate Defendants and Does 1-10)**

24.     Plaintiff realleges and incorporates by reference every allegation contained in the preceding paragraphs as though set forth fully herein.

25.     California Labor Code §226 provides, in relevant part, that every employer must furnish each employee with an itemized wage statement that accurately shows the total number of hours worked by each employee during each pay period, their gross wages, all deductions, all applicable hourly rates of pay and other information.

26.     In violation of Labor Code §226, Defendants willfully failed to issue any wage statement to Plaintiff during 40 weeks of her employment between January 2008 and February of 2009.

27.     In further violation of Labor Code §226, Defendants willfully failed to provide an itemized wage statement despite Plaintiff's written demand in May of 2010.

28.     Labor Code §226 provides that an employee suffering injury as a result of not being provided with an accurate itemized wage statement is entitled to recover the greater of all actual damages suffered or fifty ($50) dollars for the initial violation and ($100) dollars for each subsequent violation up to four-thousand dollars ($4,000).

29.     Plaintiff was injured by not receiving accurate itemized wage statements and seek to recover the penalties provided for by Labor Code §226.

30.     Plaintiff requests relief as hereinafter provided.

## Fourth Cause of Action

### Violation of California Labor Code §1174

**(Against Corporate Defendants and Does 1-10)**

31.     Plaintiff realleges and incorporates by reference all previous paragraphs of this Complaint as though fully set forth herein.

32.     Labor Code §1174 requires every person employing labor to keep payroll records

showing the hours worked daily by and the wages paid to employees employed at the establishment for not less than two years.

33. Defendants have failed to maintain payroll records showing the hours worked daily by Plaintiff and the wages, as yet unpaid, due and owing to Plaintiff.

34. Defendants are therefore in violation of Labor Code § 1174 and is subject to civil penalty of $500 pursuant to Labor Code §1174.5.

### Fifth Cause of Action

### Violation of California Labor Code §227.3

### (Against Corporate Defendants and Does 1-10)

35. Plaintiff realleges and incorporates by reference all previous paragraphs of this Complaint as though fully set forth herein.

36. Labor Code §227.3 provides that an employer who provides for paid vacation must pay to an employee who is terminated without having taken off his or her accrued vacation time, all vested vacation as wages at his or her final rate in accordance with the employer's policy.

37. Defendant employers had a policy of providing for paid vacations.

38. Plaintiff had accrued vacation time that was vested at the time of her employment discharge.

39. Defendants failed, and continue to fail, to pay Plaintiff her vacation time that was vested at the time of her discharge.

### Sixth Cause of Action

### Violation of California Labor Code §1197

### (Against Corporate Defendants and Does 1-10)

40. Plaintiff realleges and incorporates by reference all previous paragraphs of this Complaint as though fully set forth herein.

41. Labor Code §1197 makes it unlawful for an employer to pay an employee less than the minimum wage fixed by the Labor Commission.

42. Defendants, by intentionally failing to pay Plaintiff any wages whatsoever for 40 pay periods, failed to pay Plaintiff the minimum wage fixed by the commission.

43. Pursuant to Labor Code §1197.1, subdivision (a), parts (1) and (2), Defendants are subject to $50 initial violation and $250 for each of the 39 subsequent violations. Moreover, minimum wage violations carry liquidated damages in an amount equal to the unpaid wages.

## Seventh Cause of Action

### Violation of California Labor Code §§226.7 and 512 and IWC 4

### (Against Corporate Defendants and Does 1-10)

44. Plaintiff realleges and incorporates by reference all previous paragraphs of this Complaint as though fully set forth herein.

45. At all times relevant to this action, Corporate Defendants and/or Does 1-10 were and are employers within the meaning of Industrial Welfare Commission ("IWC") Wage Order No. 4-2001 in that Defendants and/or Does 1-10 directly employed or exercised control over the wages, hours or working conditions of Plaintiff.

46. California Labor Code §226.7 provides that no employer shall require any employee to work during any meal and/or rest period mandated by an applicable IWC Wage Order; if an employer fails to provide a meal and/or rest period, the employer must pay the employee one additional hour of wages at the employee's regular rate of compensation for each work day that the meal and/or rest period is not provided. Corporate Defendants and/or Does 1-10 are subject to IWC Wage Order 4-2001.

47. California Labor Code §512(a) and IWC Wage Order No. 4-2001 require employers to provide employees who work in excess of five hours per day with a meal period of not less than 30 minutes. IWEC Wage Order 4-2001 further requires that employees be relieved of all job duties during meal periods, unless the nature of the work prevents an employee from being relieved of all duties and a written agreement has been entered into between the parties. IWC Wage Order 4-2001 further mandates an employer who fails to provide an employee with a meal period in accordance with the provisions of the Wage Order to pay the employee one hour of wages at the employee's regular rate of compensation for each work day that the meal period was not provided.

48. California Labor Code §226.7 and IWC Wage Order No. 4-2001 require

employers to authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The rest periods must be provided at a minimum of ten minutes of rest per every four hours, or major fraction thereof, the employee works. IWC Wage Order 4-2001 further mandates an employer who fails to provide an employee with a rest period in accordance with the provisions of the Wage Order to pay the employee one hour of wages at the employee's regular rate of compensation for each work day that the rest period was not provided.

49. Labor Code §§226.7 and 512 and IWC Wage Order No. 4-2001 apply to Plaintiff's employment at all relevant times.

50. Pursuant to the above provisions, Plaintiff was entitled to meal periods in which she was relieved of all job duties. Instead, Corporate Defendants and/or Does 1-10 required Plaintiff to work through her meal periods. Plaintiff was not provided the opportunity to take a thirty minute meal period although it was possible for Corporate Defendants and/or Does 1-10 to allow Plaintiff to be relieved of all her job duties during the meal period, without interfering with provisions of service. By illegally depriving Plaintiff off-duty meal periods while Plaintiff typically worked 8 hours or more per day for Corporate Defendants and/or Does 1-10, Defendants violated Labor Code §§226.7 and 512 and IWC Wage Order No. 4-2001.

51. Meal periods must be recorded, but were not. Accordingly, Defendant employers have the burden of proof to demonstrate that Plaintiff was provided the opportunity and/or did actually take a meal period, as established in *Hernandez v. Mendoza* (1988) 199 Cal.App.3d 721.

52. Pursuant to the above provisions, Plaintiff was entitled to at least two rest periods per day, as she generally worked at least eight hours per shift. Corporate Defendants and/or Does 1-10 did not authorize Plaintiff to take rest periods. By illegally depriving Plaintiff of rest periods, Defendants violated Labor Code §226.7 and IWC Wage Order No. 4-2001.

53. Due to Defendants' failure to provide appropriate meal periods as required by law, Plaintiff is entitled to recover owed wages, in an amount to be proven at trial, based on Plaintiff's period of employment with Defendants and applicable rate of pay. In addition, Plaintiff is entitled to attorneys' fees, costs of suit, and interest on her unpaid wages pursuant to Labor Code

§§218.5 and 218.6.

## Eighth Cause of Action

**Violation of California Labor Code §510 and IWC 4**

**(Against Corporate Defendants and Does 1-10)**

54. Plaintiff realleges and incorporates by reference all previous paragraphs of this Complaint as though fully set forth herein.

55. At all times relevant to this action, Corporate Defendants and/or Does 1-10 were and are employers within the meaning of Industrial Welfare Commission ("IWC") Wage Order No. 4-2001 in that Defendants and/or Does 1-10 directly employed or exercised control over the wages, hours or working conditions of Plaintiff.

56. California Labor Code §510 and IWC 4 provides that any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.

57. Pursuant to the above provisions, Plaintiff was entitled a rate of pay equal to one and one half-times her regular rate of pay for time Plaintiff worked in excess of eight hours in a single day or forty-hours in a single week.  Plaintiff frequently worked overtime on both a daily and weekly basis.  Defendants never compensated Plaintiff for any of the overtime hours that she worked.

58. Due to Defendants' failure to pay Plaintiff overtime premiums as required by law, Plaintiff is entitled to recover owed wages, in an amount to be proven at trial, based on Plaintiff's period of employment with Defendants, hours worked and applicable rate of pay.

## Ninth Cause of Action

**Violation of California Business and Professions Code §§17200 et seq.**

**(Against Corporate Defendants and Does 1-10)**

59. Plaintiff realleges and incorporates by reference all previous paragraphs of this Complaint as though fully set forth herein.

60. California Business and Professions Code §§17200 et seq., prohibits unfair

competition in the form of any unlawful, unfair, deceptive or fraudulent business practices.

61. Beginning in January of 2008 and continuing until the time of Plaintiff's discharge in February of 2010, Defendants committed unlawful acts as defined by California Business and Professions Code §17200. Defendants' unlawful and unfair business practices include, but are not necessarily limited to, violation of the California Labor Code.

62. The conduct constituting violation of the California Labor Code serves as unlawful predicate acts for purposes of Business and Professions Code §17200.

63. By means of its unfair and unlawful practices, Defendants have gained an unfair competitive advantage over other similar businesses that act in compliance with labor standards.

64. As a direct and proximate result of these unfair and unlawful business practices, Defendants have received and continue to maintain possession of funds that rightfully belong to Plaintiff.

65. Pursuant to Business and Professions Code §17203, Defendants should be ordered to restore to Plaintiff all money acquired by means of unlawful and unfair business practices as described above. Therefore, Plaintiff requests restitution of all wages and compensation wrongfully retained by Defendants and Does 1 through 10, in violation of the Labor Code. Further, Plaintiff requests attorneys' fees and costs pursuant to California Code of Civil Procedure §1021.5 upon proof that Plaintiff has sought to enforce important rights affecting the public interest.

## Tenth of Action

## Wrongful Termination in Violation of Public Policy

**(Against Corporate Defendants and Does 1-10)**

66. Plaintiff realleges and incorporates by reference all previous paragraphs of this Complaint as though fully set forth herein.

67. Plaintiff complained to Corporate Defendants and/or Does 1-10 about their failure to pay Plaintiff wages, and made a demand for payment of wages earned, yet Defendants refused to do so. Instead, Defendants terminated Plaintiff's employment for her opposition to the unlawful practice of Defendants of failing to pay wages to employees, in violation of public

1 policy.

2     68.    As a further proximate result of such conduct, Plaintiff has suffered loss of income, loss of advance and promotions, loss of career opportunity and loss of tangible job benefits, all in amounts to be proven at trial.

    69.    Corporate Defendants and/or Does 1-10, and each of them, did the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intent to injure Plaintiff from an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. The acts complained of were known to, authorized and ratified by Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof at the time of trial.

## Eleventh Cause of Action

## Penalties Under Labor Code Section 203

### (Against Corporate Defendants and Does 1-10)

    70.    Plaintiff realleges and incorporates by reference all previous paragraphs of this Complaint as though fully set forth herein.

    71.    Labor Code Section 203 provides in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

    72.    Defendants discharged Plaintiff on or about January 29, 2010 without good cause. Thereafter, Defendants willfully failed to pay, Plaintiff wages owed under Labor Code Section 201 at the time of termination. To date, Defendants have still not paid Plaintiff wages due and owing.

    73.    Plaintiff did not secret or absent herself from Defendants' place of business nor refuse to accept the earned and unpaid wages from Defendants. Defendants have made no effort to provide wages owed to Plaintiff despite demands from Plaintiff.

    74.    Because Defendants have failed to pay all wages due to Plaintiff for a period of

time exceeding 30 days after termination, Defendants owe Plaintiff as a waiting time penalty, thirty times her average daily rate of pay, totaling approximately $16,615.38.

## Twelfth Cause of Action

## Penalties Under 29 USC §216

### (Against All Defendants and Does 1-10)

75. Plaintiff realleges and incorporates by reference all previous paragraphs of this Complaint as though fully set forth herein.

76. 29 U.S.C. §216(b) provides, in pertinent part:

> Any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.
> . . . .

77. Defendants by intentionally failing to pay Plaintiff any wages whatsoever for 40 pay periods, failed to pay Plaintiff the minimum wage in violation of the Federal Fair Labor Standards Act, 29 U.S.C. §206.

78. Pursuant to 29 U.S.C. §216(b), Defendants are liable to Plaintiff for approximately $221,538.40 as liquidated damages, representing the amount of unpaid wages and additional equal amount.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. Full back pay including all benefits and interest according to proof;

2. Unpaid wages and compensation owed, plus interest, according to proof;

3. Restitution of unpaid wages and compensation owed, plus interest under Labor Code §218.6, according to proof;

4. Costs of suit, disbursement and reasonable attorneys' fees and costs on all causes of action as provided by Labor Code §§218.5 and 1194, the applicable Wage Order(s), Code of Civil Procedure §1021.5 and any other applicable law or statute;

5. Penalties awarded to the maximum extent permitted by law, including under Labor

1  Code §203, California Civil Code §3287 and 29 U.S.C. §216;

2      6.    Punitive damages in amounts according to proof;

3      7.    General damages in amounts according to proof;

4      8.    Special damages in amounts according to proof;

5      9.    Such other and further relief as the Court deems just and proper.

Dated: September 29, 2010

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By:     /s/ Anthony Raimondo
Anthony Raimondo
Kristen Lieb
Christina M. Cusimano
Attorneys for Plaintiff
EDNA HESS

### DEMAND FOR JURY TRIAL

Plaintiff EDNA HESS hereby demands a trial by jury in the aforementioned action.

Dated: September 29, 2010

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By:     /s/ Anthony Raimondo
Anthony Raimondo
Kristen Lieb
Christina M. Cusimano
Attorneys for Plaintiff
EDNA HESS

35855/00001-1618423.v1